Filed 1/26/15  P. v. Valenzuela CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SHEBOURNE PHILLIP VALENZUELA,<br><br>Defendant and Appellant. | A139615<br><br>(Contra Costa County<br> Super. Ct. No. 5-121775-1) |

After a jury trial, defendant Shebourne Phillip Valenzuela was found guilty of felony sexual penetration of an unconscious person (Pen. Code, § 289, subd. (d) [1]).  The court sentenced defendant to a term of six years in state prison and directed him to pay certain costs, fines and fees.  On his appeal defendant contends we must strike an imposed cost of $1,000 to be paid to the Lafayette Police Department on the grounds that the award was not authorized as restitution pursuant to section 1202.4 and the prosecution forfeited any claim for reimbursement pursuant to section 1203.1h, subdivision (b).  Defendant also contends the court erred in imposing certain costs, fines, and fees without first resolving his objection that he was unable to pay the imposed sums.  As we now discuss, we conclude defendant is not entitled to any appellate relief other than a correction of certain errors in the court's written orders and abstracts of judgment.  In all other respects, we affirm the judgment.

---

[1]     All further statutory references are the Penal Code.

1

At sentencing the court directed defendant to pay the cost of $1,000 to reimburse the Lafayette Police Department for its payment of a SART [Sex Assault Response Team] examination performed on the victim by the Contra Costa Regional Medical Center. The parties agree, and we concur, that the court's imposition of the cost of $1,000 was not authorized as restitution pursuant to section 1202.4. (See *People v. Martinez* (2005) 36 Cal.4th 384, 393 & fn. 1.) Nevertheless, we agree with the Attorney General that the trial court was authorized to impose the cost of $1,000 pursuant to section 1203.1h, subdivision (b). That section reads, in pertinent part: "In addition to any other costs which a court is authorized to require a defendant to pay, upon conviction of any offense involving sexual assault . . ., the court may require that the defendant pay, to the law enforcement agency . . . the cost of any medical examinations conducted on the victim for the collection and preservation of evidence." (*Ibid.*)

We reject defendant's argument that the claim for reimbursement pursuant to section 1203.1h, subdivision (b), was forfeited because the prosecution made no such request at sentencing and the trial court did not order payment under that statute. The reporter's transcript of the sentencing proceeding establishes that the prosecutor explicitly asked the court to direct defendant to pay $1,000 as reimbursement to the Lafayette Police Department for the cost of the SART examination. During colloquy with counsel regarding the request, the court stated it would order $1,000 to be paid to the Contra Costa Health Services. The prosecutor correctly told the court that the Lafayette Police Department had already paid the health services and the department was now seeking reimbursement. The court then replied, "So it would be payable to the Lafayette Police Department." The prosecutor made no reference to the statutory authority for the request, albeit it cannot be disputed that such reimbursement is allowed under section 1203.1h, subdivision (b). More importantly, and pertinent to our discussion, is the fact that at no time did either the court or the prosecutor refer to the cost of $1,000 as restitution pursuant to section 1202.4. In the absence of any contrary reference in the court's oral pronouncement, we assume the cost of $1,000 was imposed pursuant to section 1203.1h, subdivision (b), and not section 1202.4. However, we agree with defendant that the

court's written orders and abstracts of judgment filed after sentencing do not accurately reflect the court's oral pronouncement. On some documents, the imposition of the cost of $1,000 is incorrectly referred to as restitution or that the cost is imposed pursuant to section 1202.4. Where there is a discrepancy between the court's oral pronouncement and its written orders or abstracts of judgment, the oral pronouncement controls. (See *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 ["[t]he record of the oral pronouncement of the court controls over the clerk's minute order . . ."]; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 ["[w]here there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls"].) Accordingly, we shall remand the matter to the trial court with directions to correct its July 19, 2013, order of "Report and Sentence," its July 19, 2013, abstract of judgment, and its July 25, 2013, Judicial Council Form No. CR-110 "Order For Restitution and Abstract of Judgment," to reflect that the appropriate statutory basis for the cost of $1,000 to the Lafayette Police Department is section 1203.1h, subdivision (b).

We see no merit to defendant's additional arguments that the court erred in failing to resolve his lack of ability to pay objection before imposing the $1,000 reimbursement for medical examination costs (§ 1203.1h, subd. (b)), a restitution fine of $1,440, which was in excess of the statutory minimum amount (§ 1202.4, subds. (b), (d)), and a probation report fee of $176 (§ 1203.1b, subds. (a)(b)). In addressing defendant's ability to pay objection, the court stated it "is referring all fines and fees which are conditioned on ability to pay to the court collection unit for an assessment and recommendation to the Court by the Court's financial evaluation officer. [¶] The Court will notify the defendant of its decision. If the defendant disagrees with the Court's decision, the defendant should contact his attorney to set the matter for hearing. [2] [¶] So that . . . addresses your

---

[2] Section 1203.1f provides that "[i]f practicable, the court shall consolidate the ability to pay determination hearings authorized by this code into one proceeding, and the determination of the ability to pay made at the consolidated hearing may be used for all purposes."

objection and is so noted for the record." Because defendant lodged no objection to the trial court's ruling, he has forfeited his appellate challenge to the imposed sums for reimbursement for medical examination costs, a restitution fine, and a probation report fee. (*People v. Aguilar* (2015) __ Cal.4th __, __ [2015 Cal. Lexis 4, *8-9].) In all events, we see no reason to now address defendant's argument. There is no evidence in the record that the court has issued its decision after the collection unit's assessment and recommendation or ruled on any request by defendant for a hearing on his ability to pay the imposed sums. Accordingly, we conclude defendant's request for appellate relief is premature and must await further proceedings in the trial court.

## DISPOSITION

The trial court is directed to correct its July 19, 2013, minute order of "Report and Sentence;" its July 19, 2013, abstract of judgment; and its July 25, 2013, Judicial Council Form No. CR-110 "Order For Restitution and Abstract of Judgment," to reflect that the imposition of the cost of $1,000 to reimburse the Lafayette Police Department is made pursuant to section 1203.1h, subdivision (b). The court is further directed to send new amended abstracts of judgment to the Department of Rehabilitation and Corrections. In all other respects, the judgment is affirmed.

_____
Jenkins, J.

We concur:

_____
Pollak, Acting P. J.

_____
Siggins, J.

4